**FILED**
**CLERK, U.S. DISTRICT COURT**

2/1/2019

**CENTRAL DISTRICT OF CALIFORNIA**
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. HUMPHRY,<br><br>        Petitioner,<br><br>    v.<br><br>DANIEL PARAMO, Warden,<br><br>        Respondent. | Case No. 2:18-cv-00298-JAK (MAA)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made. Although he was granted an extension of time to file objections to the Report, Petitioner has not done so. Respondent's objections are discussed below.

## DISCUSSION

**I.**    **Preliminary Issues**

According to Respondent's objections, Grounds One (d), Two, and Three of the First Amended Petition ("FAP") are unexhausted because the California

Supreme Court rejected them with a citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), which was cited for the proposition that Petitioner failed to include reasonably available documentary evidence in support of his claims.

Under federal law, a state court's citation to a similar California case, *In re Swain*, 34 Cal. 2d 300, 304 (1949), requires a federal court "independently to examine" the state habeas petition to determine whether federal exhaustion requirements have been met. *See Kim v. Villalobos*, 799 F.2d 1317, 1320 (9th Cir. 1986). Although *Kim* did not specifically address *Duvall*, a citation to *Duvall*, as in this case, also triggers the federal court's duty of independent review pursuant to *Kim*. *See Campos v. Adams*, 2012 WL 3881200, at *4 (E.D. Cal. Sept. 6, 2012).

Contrary to Respondent's suggestion (Objections at 1), the federal court's independent review for compliance with federal exhaustion requirements encompasses more than determining whether the prisoner complied with applicable state procedural requirements by, for example, presenting his claims in the proper vehicle for the state court. Rather, the independent review required by *Kim* contemplates review for "fair presentation." *See* 799 F.2d at 1320. "Full and fair presentation . . . requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)). Thus, the district court must independently review whether the petitioner had fairly presented the factual and legal bases of his claim to the state court. *See Barrera v. Attorney General of California*, 473 F. App'x 748, 749 (9th Cir. 2012) (citations to *Swain* and *Duvall* require that a federal habeas court "independently analyze the petition presented to the California Supreme Court to determine whether [the petitioner] satisfied federal exhaustion requirements").

Even assuming that Respondent is correct in the abstract that the Court's independent review is limited to the narrow question whether Petitioner had

presented his claims in the "proper procedural vehicle," Respondent is incorrect in stating that the state court's resolution of this question is binding on the Court. This issue is discussed in more detail below.

**II.    Respondent's Objections to the Report**

Respondent raises three broad objections centered on the premise that the Report understated the number of claims that are actually unexhausted. Respondent objects that, contrary to the reasoning of the Report, Petitioner's claims in Grounds One (d), Two, and Three are unexhausted because the California Supreme Court rejected them with a citation to *Duvall*.

**A.    Petitioner's presentation of his claims in a "procedural context in which the merits will not be considered"**

Respondent first objects that the California Supreme Court's rejection of these claims with a citation to *Duvall* meant that Petitioner necessarily raised the claims in a procedural context in which the merits of his claims would not have been considered. From this Respondent contends that this made the claims unexhausted within the meaning of *Castille v. Peoples*, 489 U.S. 346 (1989). (Objections at 1-2.)

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). This requirement is not satisfied when a petitioner submits a claim to the state's highest court in a procedural context in which the claim will not be considered on the merits. *See Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille*, 489 U.S. at 351).

In *Castille*, the Supreme Court held that raising a claim for the first and only time in a petition for discretionary review in the state's highest court does not satisfy the exhaustion requirements of 28 U.S.C. § 2254. *See* 489 U.S. at 351. Circuit courts have interpreted *Castille* to mean that a claim presented for the first

and only time in a discretionary appeal is not exhausted. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) ("Our sister circuits have uniformly interpreted *Castille* to stand for the broad proposition that a petitioner does not fairly raise an issue if she or he seeks review of the federal claim for the first time on discretionary appeal. . . . Because we conclude that Casey raised his federal constitutional claims for the first and only time to the state's highest court on discretionary review, he did not fairly present them."). In California, *Castille* means that a claim raised for the first and only time in a Petition for Review in the California Supreme Court would be unexhausted.

Respondent's reliance on *Castille* in the specific context here is unpersuasive. Respondent's objection does not involve Petitioner raising his claims for the first and only time in a request for discretionary review through a Petition for Review in the California Supreme Court. Rather, Respondent's objects as to Petitioner's alleged failure to exhaust because of his purported failure to attach reasonably available documentary evidence to his habeas petition in the California Supreme Court. *Castille* does not suggest that these circumstances raise an inference of a failure to exhaust. Respondent has not cited, and the Court has not found, any authority interpreting *Castille* as broadly as he does in connection with facts like those presented here.

*Castille* is also distinguishable. Circuit courts have distinguished *Castille* where a habeas petitioner raised his new claims in state court not as part of a request for discretionary review, but in proceeding to which he had a right as a matter of state law. *See Baker v. Corcoran*, 220 F.3d 276, 291 (4th Cir. 2000) (distinguishing *Castille* where a petitioner raised his new claim in a motion to reopen a post-conviction relief proceeding, because "Maryland law plainly establishes a right" to that proceeding); *see also Clinkscale v. Carter*, 375 F.3d 430, 440 (6th Cir. 2004) (distinguishing *Castille* where a petitioner raised his new claim on direct appeal, and "there were no special limitations on the ability of the Ohio

4

Court of Appeals to reach the merits of that claim," which meant that "the sole factor determining the outcome in *Castille* is entirely absent in this case").

The sole factor determining the outcome in *Castille* is entirely absent here. Petitioner raised his new claims in a state habeas corpus proceeding, to which he plainly had a right as a matter of California law. *See In re Figueroa*, 4 Cal. 5th 576, 586 (2018) ("A defendant's right to seek habeas corpus relief is enshrined in California's Constitution."). For these reasons, *Castille* does not apply here and does not provide a basis to conclude that Grounds One (d), Two, and Three are unexhausted.

### B. Petitioner's failure to comply with the *Duvall* requirement of producing reasonably available documentary evidence

Respondent relies on *Duvall* to support the objection that Petitioner's failure to attach reasonably available documentary evidence rendered his claims unexhausted. (Objections at 2-4.) Respondent has cited no binding federal authority that stands for the proposition that fair presentation, which is a matter of federal law, incorporates California's *Duvall* rule in a way that requires the attachment of reasonably available documentary evidence to a state habeas petition. *See Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (recognizing that fair presentation is "an issue of federal law, not state law"). To the contrary, fair presentation requires only "sufficient facts to apply the constitutional principle upon which" the prisoner relies. *See Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). As a matter of federal law, these facts may be presented *in the habeas petition itself*. *See Gentry v. Sinclair*, 705 F.3d 884, 897-98 (9th Cir. 2013) ("The federal claim is fairly presented if raised *in the petition itself*, an accompanying brief, or another similar document filed with that court." (italics added) (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). Moreover, the presented facts need not be "copious or even thorough." *See Davis*, 511 F.3d at 1009 n.3 (citing *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

1     Respondent has not attempted to address the inconsistency of his reliance on California's *Duvall* requirement with the federal requirements in *Davis* or with the general proposition that fair presentation is an issue of federal law, not state law. The mere citation to *Duvall* is not dispositive of whether a federal court, in accordance with its duty of independent review for the federal requirement of fair presentation, should find that a claim was unexhausted. *See Sullivan v. Evans*, 2010 U.S. Dist. LEXIS 10934, at *13 n.3 (E.D. Cal. Feb. 9, 2010) (Magistrate Judge's Report and Recommendation: "Here, petitioner did not attach any exhibits to his state habeas petition. However, "[e]xhaustion ... does not require a habeas petitioner ... [to] present to the state courts *every piece of evidence* supporting his federal claim in order to satisfy the exhaustion requirement.") (quoting *Davis*, 511 F.3d at 1009) (emphasis in original); *see also Sullivan v. Evans*, 2010 U.S. Dist. LEXIS 25973, at *1 (E.D. Cal. Mar. 18, 2010) (District Judge adoption: "The findings and recommendations filed February 9, 2010, are adopted in full. . . .").

### C.     Petitioner's failure to cure the deficiency with an amended state habeas petition

    Respondent also objects that the claims in Grounds One (d), Two, and Three of the FAP are unexhausted because the deficiency signaled by the *Duvall* citation is still "curable" with an amended habeas petition in the California Supreme Court. (Objections at 4-5.)

    Respondent has cited no binding federal authority to support the proposition that the "curability" of a state habeas petition through the filing of an amended petition in the California Supreme Court means that a claim was not fairly presented in the first instance. To the contrary, a petitioner's failure in that circumstance to file an amended petition is not dispositive. *See Barrera*, 473 F. App'x at 749 ("Though such a deficiency could have been 'cured in a renewed petition,' [the petitioner's] failure to file a renewed petition in the California Supreme Court does not *per se* establish a failure to exhaust state remedies.")

(quoting *Kim*, 799 F.2d at 1319).

The relevant question is whether the prisoner gave the state court a fair opportunity in the first instance to address the federal claim. It is not how the state court responded to that opportunity by, for example, rejecting the petition on a procedural ground but offering an opportunity to file an amended pleading. *See Scott*, 567 F.3d at 583 ("All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity.") (citing *Picard*, 404 U.S. at 275); *Fahy v. Horn*, 516 F.3d 169, 188 n.18 (3d Cir. 2008) ("[E]ven if a state court refuses to consider the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it."); *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004) ("Once a federal claim has been submitted to the state's highest court, the exhaustion requirement is satisfied, even if the state court fails to address the federal claim."); *see also Castille*, 489 U.S. at 350 ("Title 28 U.S.C. § 2254(c) provides that a claim shall not be deemed exhausted so long as a petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented.' Read narrowly, this language appears to preclude a finding of exhaustion if there exists any possibility of further state-court review. We have, however, expressly rejected such a construction[.]").

Although Respondent has cited some non-binding federal authority to support his argument, it does not warrant a different outcome. For example, Respondent has cited authority referring to an unpublished Ninth Circuit decision, *Howard v. Campbell*, 305 F. App'x 442, 445 (9th Cir. 2008). (Objection at 4.) *Howard* held that a state court's citations to *Swain* and *Duvall*, and the prisoner's subsequent failure to refile an amended pleading, rendered his claim unexhausted. However, *Howard* did not hold that it was the prisoner's failure to refile an amended pleading that was the dispositive factor rendering his claim unexhausted. Rather, the deciding factor was not stated expressly in *Howard*: the *Swain/Duvall*

7

citations necessarily triggered the duty of the federal habeas court to conduct an independent review for fair presentation pursuant to *Kim*. Further, that independent review revealed that the claim had not been fairly presented. Had it been otherwise, *i.e.,* the federal court either failed to conduct an independent review or concluded that the prisoner had in fact fairly presented his claim, the conclusion in *Howard* that the claim was unexhausted would have been inconsistent with *Kim*.

III. **Final Issues**

Even if Respondent were correct that Grounds One (d), Two, and Three are unexhausted, the FAP still would be subject to dismissal without prejudice as a wholly unexhausted petition. Thus, the FAP is subject to dismissal without prejudice as a mixed petition containing both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982) ("[W]e hold that a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

Before issuing the Report recommending dismissal without prejudice, the Magistrate Judge did the following: (1) rejected the possibility of raising *sua sponte* the issue of a second stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), because of the circumstances in this case; and instead (2) gave Petitioner an opportunity to amend his mixed petition by deleting his unexhausted claims. These procedures were consistent with Supreme Court and Ninth Circuit authority.

A. **Consideration of a second *Rhines* stay**

In the early stages of this case, the previously-assigned Magistrate Judge granted Petitioner's request for a *Rhines* stay to return to state court to exhaust some of his unexhausted claims. (ECF Nos. 2, 7.) Despite being granted a *Rhines* stay, Petitioner still raised claims in his First Amended Petition that are unexhausted: Grounds One (a), (b), and (c), and Four. (ECF No. 18 at 12.) Petitioner has not requested a second *Rhines* stay for these unexhausted claims, nor

has the Court *sua sponte* raised it as a possibility.

The Court has no affirmative duty to advise Petitioner of the option of stay and abeyance before recommending dismissal without prejudice. *See Pliler v. Ford*, 542 U.S. 225, 233 (2004) ("[N]othing in *Rose* [*v. Lundy*] . . . suggests that district judges give specific advisements as to the availability and wisdom of [the] options [regarding a mixed petition]."). Nor is the Court required *sua sponte* to consider whether such a stay would be appropriate. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("We conclude that a district court is not required *sua sponte* to consider whether it should stay and abey a mixed habeas petition.").

Moreover, consideration of a second *Rhines* stay was not warranted given the circumstances here. Petitioner never suggested or implied that he wished to request a second *Rhines* stay, even though he presumably was aware of the availability of such an option, having requested and received it previously. (ECF Nos. 2, 7.)

**B.     Petitioner's Failure to Delete His Unexhausted Claims Prior to Dismissal**

Although the Court was not required *sua sponte* to consider the option of a second stay, it was required to give Petitioner the opportunity to delete his unexhausted claims and to proceed solely on his exhausted claims. *See Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) ("This Court, applying *Rose*, has long held that outright dismissal without leave to amend of the petitioner's federal habeas petition was improper, and that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims.") (citations and internal quotation marks omitted); *see also Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) ("[W]e have explained that a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims.") In the Magistrate Judge's Report, Petitioner was advised of his opportunity to amend his mixed petition by deleting his unexhausted claims. (ECF No. 18 at 13.)

Petitioner has not responded to the Court's advisement despite being directed to do so. (*Id*.) Petitioner also was granted an extension of time until October 24, 2018 to file Objections to the Report. (ECF No. 20.) As of this date, Petitioner's only communication with the Court is a recent request for ruling, without any mention of a willingness to delete his unexhausted claims. (ECF No. 22.) Under these circumstances, dismissal without prejudice is warranted.

## ORDER

For the foregoing reasons, **IT IS ORDERED** that:

(1) the Report and Recommendation of the Magistrate Judge is accepted and adopted;

(2) Respondent's Motion to Dismiss the Petition as wholly unexhausted [ECF No. 12] is denied; and

(3) Judgment shall be entered dismissing the First Amended Petition without prejudice as a mixed petition.

DATED: February 1, 2019

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE